■ In the Matter of KEVIN J. ENSER, Petitioner, v WILLIAM E. KIRWAN, JR., as Superintendent of State Police, Respondent.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the Superintendent of State Police finding that petitioner violated article 8.41 of the New York State Police Regulations and imposing as a penalty therefor of censure and a one-day suspension without pay. Petitioner was charged with violating article 8.41 of the regulations of the New York State Police. Article 8.41 states, in part, that: "A member of the Division who shall in the performance of his official duties display ineptitude, inadaptability, reluctance to perform properly his assigned duties, or who at any time acts in a manner tending to bring discredit on the Division or fails to assume responsibility or exercise diligence, intelligence and zealousness in the pursuit of his duties or engages in misconduct or neglects his duty may, after a hearing, be deemed incompetent and shall be subject to suspension and/or reduction in rank and/or dismissal". A female witness testified as follows: That on November 19, 1974 she was traveling with her three young children on Route 5 when she ran out of gas and coasted to a stop in a parking lot diagonally across from a State Police station; that there was a store at the parking lot but the attendant said she had no gas; that she went across the road to the barracks and saw several troopers; that she told petitioner that she ran out of gas; that she had young children in the car, but he told her he could not take her for gas and she should walk to the station which was within sight. The record contains professional opinion that, under the known circumstances, the proper duty for a sergeant was to obtain by police car a gallon of gas rather than simply pointing out the gasoline station. While the record contains some evidence that the transportation of gasoline in the police car was prohibited by police regulations, the opinion was again that this was an emergency situation constituting an exception to the regulations. While the evidence is not overwhelming, it appears that there is substantial evidence to support the determination that petitioner, in the interests of public relations and rendering assistance to members of the public, should have been more helpful and understanding and that he violated the intent of the above-quoted rule. It is noted that the punishment imposed was not so disproportionate as to require interference by this court. Determination confirmed, and petition dismissed, without costs. Koreman, P. J., Mahoney, Main, Larkin and Herlihy, JJ., concur.